UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
                                   :
DON A. WEINER,                     :
                                   :                ORDER
            Plaintiff,             :                11-CV-2254 (JFB)(AKT)
                                   :
        – against –                :
                                   :
DENNIS McKEEFERY, ET AL.,          :
                                   :
            Defendants.            :
                                   :
----------------------------------X

JOSEPH F. BIANCO, District Judge:

Don A. Weiner ("plaintiff") commenced this action on May 10, 2011, and the deadline to request a pre-motion conference in anticipation of moving for summary judgment is May 11, 2014. Pending before the Court is plaintiff's appeal of two rulings made by Magistrate Judge Tomlinson during a conference on April 3, 2014, regarding the discovery of an un-redacted 2007 Child Protective Services ("CPS") record and the deposition of Assistant District Attorney ("ADA") Omar Almanzar. (Motion for Leave to Appeal ("Motion"), Docket No. 160.) For the reasons set forth below, the Court affirms Magistrate Judge Tomlinson's April 3, 2014 ruling in its entirety.

I.   BACKGROUND

Plaintiff alleges that Suffolk County Police Department personnel violated his rights under the Fourth and Fourteenth Amendments when they unlawfully arrested and maliciously prosecuted him and deprived him of contact with his children for over a year. (Complaint ¶¶ 1–2, Docket No. 1.) The events at issue occurred beginning on or about April 2, 2009. (*See id.* ¶ 10.) As relevant here, plaintiff maintains that his estranged wife, *pro se* defendant Maryanne Weiner ("Defendant Weiner")

1

caused a charge of harassment to be commenced against plaintiff. (*Id.* ¶¶ 17–18.) According to the complaint, Defendant Weiner's "malicious conduct included persistently urging the County District Attorney to vigorously prosecute plaintiff, including after the County's Child Protective Services agency officially concluded that the charges against plaintiff were [not credible]." (*Id.* ¶ 20.)

On April 11, 2013, plaintiff filed a motion to compel the Suffolk County Department of Social Services ("DSS") to comply with a subpoena dated August 5, 2012. (Docket No. 140.) Specifically, plaintiff sought un-redacted copies of records of investigations conducted in 2006, 2007, and 2009, which previously were provided to plaintiff by DSS. Plaintiff believes these records are relevant to his claim for malicious prosecution against his estranged wife. Defendant Weiner opposed on the grounds of relevance, arguing that because she was not the individual who contacted DSS to initiate the complaint against plaintiff, the records are not relevant. (Defendant Weiner Opposition, Docket No. 141.) Assistant County Attorney Brian Mitchell ("Attorney Mitchell"), counsel for the Suffolk County Defendants, submitted no formal opposition. However, he reviewed the records and represented that DSS followed the protocol applied when any file is redacted: "[T]hey redact the names of reporting parties and the names of persons who were a subject of the report other than the plaintiff, or were mentioned in the report but not a subject of the report." (Letter, Docket No. 142.) As relevant here, Attorney Mitchell represented that, based on his review of the 2007 files, Defendant Weiner was not the reporting party on that investigation, which, according to Attorney Mitchell, was ordered by the Family Court. (*Id.*) Consequently, he argued that the 2007 report is unrelated to plaintiff's present claim against Defendant Weiner, and should not be produced in un-redacted form. (*Id.*) Plaintiff countered that he believes Defendant Weiner was in fact the reporting party for the 2007 investigation, because it related to a Family Court proceeding

2

initiated by her. (*See* Replies, Docket Nos. 143, 145.) Magistrate Judge Tomlinson subsequently directed Attorney Mitchell to provide an un-redacted copy of the report for an *in camera* review.

In an order issued March 17, 2014, Magistrate Judge Tomlinson denied the motion to compel with respect to the 2007 report on the grounds that the record was "not relevant to this litigation," and that "the discovery of [this] record does not appear reasonably calculated to lead to the discovery of admissible evidence." (Motion to Compel Order ("March 17 Order"), Docket No. 150, at 6 (internal quotation marks and citations omitted).) Magistrate Judge Tomlinson reasoned that (1) the investigation in 2007 was ordered by the Family Court, and both Weiners were listed as subjects of the investigation; (2) even assuming that Defendant Wiener initiated the investigation, any malicious prosecution claim based on that investigation is time-barred because plaintiff did not bring a claim within the one-year statute of limitations period—by April 2, 2008; and (3) the complaint in this case references only the incidents which occurred in 2009, and, therefore, the investigation does not relate to the claims giving rise to this litigation. (*Id.* at 6–7.)

Notwithstanding Magistrate Judge Tomlinson's ruling, plaintiff reiterated his request for the un-redacted 2007 report during a hearing on April 3, 2014. (Transcript, Docket No. 164, at 12–14.) Counsel for plaintiff argued that the report is relevant bears it bears on Defendant Weiner's modus operandi, and he argued that, based on the caption of the order for investigation that lists Defendant Weiner as petitioner, Defendant Weiner caused the investigation. (*Id.* at 12–13.) Magistrate Judge Tomlinson referred plaintiff to the March 17 Order and again denied the request for an un-redacted copy of the 2007 report. (*Id.* at 13–14.)

In the March 17 Order, Magistrate Judge Tomlinson also addressed plaintiff's request to depose four ADAs who purportedly had contact with Defendant Weiner in relation to the state court

3

action against plaintiff, including ADA Almanzar. During a hearing with the parties on July 25, 2012, Magistrate Judge Tomlinson had directed Attorney Mitchell to speak with the ADAs and have them review the District Attorney Office's file to look for telephone interactions any one of them may have had with Defendant Weiner from April 2, 2009, through October 15, 2010. (*See* Docket No. 93.) Each ADA was directed to provide Magistrate Judge Tomlinson with an affidavit "setting forth the dates of such interactions (even if by voicemail), the time of day if known, and the specific substance of the call/message." (*Id.*) ADA Almanzar produced an affidavit on August 27, 2012. (Affidavit, Docket No. 101-1.) ADA Almanzar stated as follows:

> Based upon my review of the file, I interacted with Ms. Weiner by telephone on April 8, 2010, June 22, 2010, and August 23, 2010. I do not know the time of day that these calls took place. I do not recall if the calls were made to me by Ms. Weiner or if I called her. The substance of my conversations with Ms. Weiner related to either advising her of the results of a recent court proceeding or coordinating the scheduling of future court proceedings and whether it would be necessary to have her children appear for court.

(*Id.* ¶ 3.) Magistrate Judge Tomlinson subsequently directed the Suffolk County Defendants to provide the underlying criminal file to her for an *in camera* review. (*See* Docket No. 110.)

In her March 17 Order, Magistrate Judge Tomlinson declined to authorize a deposition of ADA Almanzar. Magistrate Judge Tomlinson reasoned that, based on these representations, together with the corroborating notes from the criminal file reviewed *in camera*, "deposing ADA Almanzar will not reasonably lead to discovery of admissible evidence regarding Plaintiff's claims of malicious prosecution against Maryann Weiner (or any other of Plaintiff's claims)." (March 17 Order, at 10.)

During the hearing on April 3, 2014, plaintiff renewed his request to depose ADA Almanzar on the basis of a statement that he would not dismiss the state court case against plaintiff because

4

"he was under pressure from Mrs. Weiner." (Transcript, at 7–8.) Magistrate Judge Tomlinson referred plaintiff to the March 17 Order denying the deposition request. (*Id.* at 8.)

Plaintiff now appeals the rulings from the April 3 conference.

II.  STANDARD OF REVIEW

This Court may reverse a magistrate judge's order on a nondispositive pre-trial matter only if the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *see Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990) ("A magistrate . . . may issue orders regarding nondispositive pretrial matters. The district court reviews such orders under the 'clearly erroneous or contrary to law' standard."). "An order is 'clearly erroneous' only when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Weiss v. La Suisse*, 161 F. Supp. 2d 305, 321 (S.D.N.Y. 2001) (internal citation and quotation marks omitted). "An order is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* "Discovery matters generally are considered 'nondispositive' of the litigation." *Id.* (citing *Thomas E. Hoar*, 900 F.2d 525). Accordingly, this Court reviews Magistrate Judge Tomlinson's April 3 order under the "clearly erroneous or contrary to law" standard.

III.  DISCUSSION

As a threshold matter, this motion is untimely. Pursuant to Federal Rule of Civil Procedure 59(a), an appeal of a nondispositive ruling by a magistrate judge must be brought within fourteen days after the party is served with a copy of the written order or after the order is stated on the record. Here, although plaintiff is appealing rulings from April 3, those rulings, in fact, first were made by Magistrate Judge Tomlinson on March 17. A review of the transcript from April 3 shows

5

that no new facts were presented to Magistrate Judge Tomlinson, such that she was addressing plaintiff's discovery motions *de novo*. Accordingly, the Court holds that plaintiff has waived his right to review of these decisions. *See* Fed. R. Civ. P. 59(a) ("Failure to object in accordance with this rule waives a party's right to review."). Regardless, assuming *arguendo* that plaintiff's appeal is timely, the Court finds that Magistrate Judge Tomlinson did not err in denying the discovery requests.

A. 2007 DSS Report

Plaintiff argues that Magistrate Judge Tomlinson erred in denying the discovery of the un-redacted 2007 DSS report because she "incorrectly asserted that a judge and not defendant Weiner caused the investigation to be conducted." (Grasek Appeal Affirmation ¶ 4, Docket No. 160-2.) Plaintiff claims that the un-redacted report is relevant because "it will demonstrate Mrs. Weiner's modus operandi of falsely charging plaintiff to obtain a benefit in matrimonial litigation involving the Weiner's rights with respect to the custody of and visitation with their children." (*Id.* ¶ 5.)

Plaintiff's focus on the caption of the Family Court order notwithstanding, the Court sees no reason to disturb Magistrate Judge Tomlinson's conclusion, following an *in camera* review of the 2007 report, that Defendant Weiner was not the reporting party on the investigation, which was ordered by the Family Court. (*See* Order for Investigation, Grasek Appeal Affirmation Ex. A.) Magistrate Judge Tomlinson conducted an independent review to assess the veracity of Attorney Mitchell's contention that Defendant Weiner was not the reporting party on the investigation. The fact that the caption names Defendant Weiner as the petitioner in the Family Court proceeding does not compel the conclusion that she thus caused any investigation to occur, because, pursuant to Section 1034 of the Family Court Act, the power to order investigations rests with the Family Court

judge. Nothing in the statute indicates that any such investigation is compulsory after the filing of a petition. Plaintiff's speculation, in itself, is not grounds to conclude that Magistrate Judge Tomlinson's decision was clearly erroneous.

Moreover, plaintiff does not argue that the investigation, which occurred in 2007, actually relates to the claims giving rise to this litigation, which is based on events in 2009. Plaintiff's contention that he and his counsel are the only ones who can assess the usefulness of the data in the report and determine its relevance (*see* Grasek Reply Affirmation ¶ 7, Docket No. 167), and his complaint that it is unfair that the Suffolk County Defendants may view the un-redacted file but plaintiff may not, are unpersuasive. "Relevance is a question of law to be decided by the trial judge, who ultimately will make the final determination if proffered evidence tends to prove or disprove a matter 'properly provable in the case.'" *United States v. Torniero*, 735 F.3d 725, 730 (2d Cir. 1984), *superseded by statute on other grounds*, Insanity Defense Reform Act of 1984, 18 U.S.C. § 17, *as recognized in United States v. Garcia*, 94 F.3d 57, 62 (2d Cir. 1996) (quoting Fed. R. Evid. 401 advisory committee note). Magistrate Judge Tomlinson's independent review mitigates any unfairness with respect to the Suffolk County Defendants' possession of the document.

Accordingly, the Court affirms Magistrate Judge Tomlinson's ruling with respect to the 2007 DSS report.

B. <u>ADA Almanzar</u>

Plaintiff argues that he should be allowed to depose ADA Almanzar because the ADA stated that he felt obligated to press forward on the state prosecution of plaintiff based on pressure from Defendant Weiner. (Grasek Appeal Affirmation ¶ 12.) Counsel claims that the deposition "would enable plaintiff to explore the extent of communications [ADA Almanzar] had received and he had

with defendant Weiner and the pressures she placed on him to continue to vigorously prosecute plaintiff." (*Id.* ¶ 13.) Having reviewed the record, the Court concludes that Magistrate Judge Tomlinson's decision to deny the deposition of ADA Almanzar was not clearly erroneous. ADA Almanzar submitted a sworn affidavit with respect to the communications he had with Defendant Weiner. Magistrate Judge Tomlinson also reviewed the District Attorney's file and determined that the documentation therein corroborated ADA Almanzar's representations. (March 17 Order, at 11.) On appeal, plaintiff has provided no basis to disturb Magistrate Judge Tomlinson's conclusion that the deposition was not reasonably likely to lead to the discovery of admissible evidence, based upon ADA Almanzar's affidavit and Magistrate Judge Tomlinson's own independent review of the District Attorney's file. Plaintiff's desire to depose ADA Almanzar is not, in itself, grounds for reversal. Accordingly, the Court also affirms Magistrate Judge Tomlinson's April 3 ruling with respect to the deposition.

IV. CONCLUSION

For the foregoing reasons, the Court affirms Magistrate Judge Tomlinson's April 3 ruling.

SO ORDERED.

_____
JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: May 19, 2014
       Central Islip, New York